IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **CHRISTOPHER MANN,** | * |
| Petitioner, | * |
| v. | *   Civ. No.  DLB-21-387 |
| **WARDEN MATTI,** | * |
| Respondent. | * |

### MEMORANDUM

Christopher Mann filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF 1.  Respondent filed an answer to the petition asserting it must be dismissed as untimely. ECF 5.  Mann filed a response.  ECF 9.  No hearing is necessary.  *See* Rule 8(a), *Rules Governing § 2254 Cases in the U.S. Dist. Cts.*; Loc. R. 105.6 (D. Md. 2021); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)).  For the reasons that follow, the petition is dismissed as time-barred and a certificate of appealability shall not issue.

**I.      Background**

On February 5, 2004, Mann was indicted in the Circuit Court for Baltimore City, Maryland on charges of, *inter alia*, felony murder, kidnapping, and conspiracy to commit kidnapping.  On August 12, 2004, at the conclusion of Mann's trial, the jury returned a guilty verdict.  ECF 5-1, at 6 (state ct. rec.); *State v. Mann*, 207 A.3d 653, 655 (Md. Ct. Spec. App. 2019).[1]  On October 13, 2004, the court sentenced Mann to life imprisonment on the felony murder charge and 20 years consecutive for conspiracy to commit kidnapping.  ECF 5-1, at 6.  The kidnapping conviction

---

1 For cases decided when the Supreme Court of Maryland and the Appellate Court of Maryland had different names, the Court will utilize the earlier citation format.

merged into his felony murder conviction for sentencing purposes. *Id*. The aggregate sentence was life plus 20 years consecutive. *Id*.

Mann filed a direct appeal with the Appellate Court of Maryland, which affirmed his conviction on January 12, 2007. ECF 5-1, at 10. The mandate issued on February 12, 2007. *Id*. Mann did not seek certiorari review with the Supreme Court of Maryland.

Over seven years later, on June 9, 2014, Mann filed a petition for post-conviction relief in state court. ECF 5-1, at 10. On February 12, 2018, the court concluded that Mann's counsel was ineffective for failing to request a jury instruction on his alibi and granted Mann a new trial. ECF 1-2, at 1–21. The Appellate Court of Maryland granted the State's application for leave to appeal on April 16, 2019 and then, on May 1, 2019, affirmed the trial court's decision to grant Mann a new trial. ECF 5-1, at 21, 24-25; *Mann*, 207 A.3d 653. On December 19, 2019, the Supreme Court of Maryland reversed the Appellate Court of Maryland and reinstated Mann's conviction and sentence. *State v. Mann*, 221 A.3d 965 (Md. 2019). The U.S. Supreme Court denied Mann's petition for certiorari on October 5, 2020. *Mann v. Maryland*, 141 S.Ct. 337 (2020).

On February 3, 2021, Mann filed his habeas petition in this Court. ECF 1. He alleges his trial counsel was ineffective for failing to request a jury instruction on his alibi. *Id.* at 6. Mann does not contend that his petition is timely. Rather, Mann argues that he is entitled to equitable tolling because he was under the mistaken impression that the public defender was representing him and because his efforts to communicate with counsel by mail were impeded by his confinement to administrative segregation. ECF 9. Mann also asks the Court to consider the merits of his claim in granting equitable tolling. *Id.*

## II.     Standard of Review

A one-year limitations period applies to petitions filed pursuant to 28 U.S.C. § 2254, counting down from the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1).

The limitations period is subject to tolling in certain circumstances. The habeas statute provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). In other words, the federal clock is paused during the pursuit of state post-conviction relief, assuming the application for state post-conviction relief was properly filed. The limitations period is also subject to equitable tolling "in those 'rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party and gross injustice would result.'" *Whiteside v. United States*, 775 F.3d 180, 184 (4th Cir. 2014) (quoting *Rouse v. Lee*, 339 F.3d 238 (4th Cir. 2003) (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000))). To equitably toll the limitations period, the habeas petitioner must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood

in his way and prevented timely filing." *Id.* (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland*, 560 U.S. at 653 (internal citations and quotation marks omitted). Extraordinary circumstances may involve "wrongful conduct" on the part of the government or other circumstances beyond the petitioner's control. *Harris*, 209 F.3d at 330 (quoting *Alvarez-Machain v. United States*, 107 F.3d 696, 700 (9th Cir. 1996)).

### III.   Analysis

In this case, the one-year limitations period runs from the date on which the judgment became final. 28 U.S.C. § 2244(d)(1)(A); *see Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) (noting the first date applies "unless one of the circumstances enumerated by the statute is present and starts the clock running at a later date"). The Appellate Court of Maryland affirmed his conviction on January 12, 2007, and the mandate issued on February 12, 2007. ECF 5-1, at 10. Mann had 15 days from February 12, 2007, to seek certiorari with the Supreme Court of Maryland, which he did not do. *See* Md. R. 8-302(a); *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (holding that when a petitioner does not pursue certiorari with the United States Supreme Court, the judgment becomes final when the time for pursuing direct review with the Supreme Court, or in state court, expires). The 15-day period expired on February 27, 2007. Therefore, Mann's conviction became final on February 27, 2007. Absent tolling, the limitations period for habeas review would have closed on February 27, 2008.

Mann did not file a post-conviction petition until June 9, 2014, more than six years after the limitations period expired. Accordingly, the post-conviction proceedings did not toll the one-year filing deadline under § 2244(d)(2).

Mann requests equitable tolling, insisting that while he was confined to administrative segregation from 2006 to mid-2007, he "was not receiving any mail" other than money orders, as his "in-coming and out-going [sic] mail were somehow 'lost' somewhere in transit." ECF 9, at 4. Yet he states that, during this time, he received correspondence from his appointed direct appeal counsel advising that the Appellate Court of Maryland affirmed his conviction and directing him to notify counsel if he wanted representation on his "next appeal." *Id.* Mann states that he responded to this letter, requesting further representation and providing a copy of the postconviction petition he intended to be filed on his behalf. *Id.* at 4–5. He believes this correspondence should have "stopped the time clock." *Id.* at 5.

Mann provided the Court with the postconviction petition he purportedly sent to his appointed counsel sometime after the Appellate Court of Maryland denied his direct appeal. ECF 9-2. The document is typed, unsigned, and undated, and it is not accompanied by any cover letter or other evidence that he mailed it to his appellate counsel or had a good faith basis for believing his appellate counsel would be representing him in his postconviction proceedings. Further, in his habeas petition, in response to the section on the petition form that directed the petitioner to "explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar [his] claim," Mann stated he filed the postconviction petition on June 9, 2014, without addressing or even acknowledging the many-year delay. ECF 1, at 14–15. It was not until the respondent raised timeliness as a defense that Mann claimed he attempted to file a postconviction petition through counsel before 2014.

In any event, Mann's response provides no explanation for why he failed to act diligently and pursue his postconviction remedies for more than seven years after the Appellate Court of Maryland affirmed his conviction. According to Mann, he believed he was represented by counsel,

5

but he offers no reasonable explanation why he failed for seven years to check on the status of his case with counsel or the Maryland courts.  Mann also does not explain why, if he believed his counsel had acted on his behalf, he filed his own petition, *pro se*, in 2014.  Indeed, Mann's own response indicates that he filed his own petition in 2014 because the public defenders' office was unresponsive to him.  *Id.* at 7-8.

Nothing in Mann's response offers any basis for excusing the late filing of his petition.  No extraordinary circumstances stood in the way of Mann filing a petition for postconviction relief in the critical timeframe of February 27, 2007 through February 28, 2008.  Further, there is no indication that Mann was diligently pursuing his rights during this time.  In short, Mann has failed to present any circumstance that prevented him from complying with the one-year filing deadline or any discernible basis for finding that a miscarriage of justice would result if this Court did not reach the merits of his petition.

IV.   **Certificate of Appealability**

Having found that the petition is untimely, this Court must determine if a certificate of appealability should issue.  When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'"  *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Mann's pleadings fail to demonstrate that a certificate of appealability should issue; he still may request that the United States Court of Appeals for the Fourth Circuit issue such a certificate.  *See Lyons v. Lee*, 316 F.3d 528, 532 (4th

Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

A separate order dismissing the petition as untimely and denying a certificate of appealability follows.

October 18, 2023
Date

Deborah L. Boardman
United States District Judge

7